UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| U.S. Bank National Association,<br>                              Plaintiff,<br><br>vs.<br><br>Yolanda Annette Bright,<br>Truist Bank,<br>                              Defendants. | )  C/A: 2:26-1081-RMG-TER<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Defendant, proceeding *pro se*,[1] has filed documents in an attempt to remove a case from state court to this federal district court. The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, requires Defendant to file a notice of removal containing a short and plain statement of the grounds for removal.  28 U.S.C. § 1446. Defendant is attempting to remove an action for foreclosure of a mortgage.

A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).  The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint" rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) and *Holmes Group, Inc. v. Vornado Air Circulation Sys, Inc.*, 535 U.S. 826, 831 (2002).  Federal question jurisdiction exists only when a federal question is present on the face of a properly pleaded complaint.  The removing defendant has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  In the Notice of Removal, Defendant generally states jurisdiction is pursuant to § 1331 and "presents substantial federal questions" without more. (ECF No. 1 at 1).  This is the extent of Defendant's allegations as to subject matter jurisdiction. Upon the

---

[1] Plaintiff's motion for *in forma pauperis* status is granted (ECF No. 3).

record before the court, there is no federal question jurisdiction arising from the allegations by the

Plaintiff[2] in the Complaint in the state court action.

Removal to this court in the instant action is not authorized by 28 U.S.C. § 1441.  Therefore,

the Court lacks jurisdiction to retain this action. Based on the foregoing, it is recommended  that this

case is remanded to state court for disposition.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 16, 2026
Florence, South Carolina

**Defendant's attention is directed to the important notice on the next page.**

---

[2] To the extent Defendant seeks federal question jurisdiction by way of defenses or counterclaims asserting federal law, such counterclaims do not allow removal of the action. *See Caterpillar*, 482 U.S. at 392 and *Holmes*, 535 U.S. at 831.  A plaintiff is master of his complaint and may avoid federal jurisdiction by relying exclusively on state law.  *Id.*  Counterclaims cannot serve as a basis for federal question jurisdiction on removal.  *See id.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984)